*DANIEL M. HORRIGAN*
*2008 DEC 29 AM 9:06*
*SUMMIT COUNTY CLERK OF COURTS*

**IN THE COURT OF COMMON PLEAS**
**GENERAL DIVISION**
**SUMMIT COUNTY, OHIO**

| | |
|---|---|
| KIMBERLY R. SMITH<br>1568 South Plainview Drive<br>Copley, OH 44321<br><br>Plaintiff,<br><br>vs.<br><br>SUMMA HEALTH SYSTEM<br>c/o William A. Powel, III<br>Statutory Agent<br>525 E. Market Street<br>Akron, OH 443092<br><br>Defendant. | CASE NO.: **2008-12-8871**<br><br>JUDGE:<br><br>ASSIGNED TO JUDGE HUNTER<br><br><u>COMPLAINT</u><br>(FMLA INTERFERENCE CLAIM)<br><br><br>(JURY DEMAND ENDORSED HEREON) |

*Berger & Zavesky Co., L.P.A.*
*614 W. Superior Avenue, Ste. 1425*
*Cleveland, Ohio 44113*
*(216) 830-9000*

**I.    Introduction**

1. Plaintiff initiates this action as a result of having been deprived protection under the Family Medical Leave Act, 29 U.S.C. § 2615(a)(1).

**II.   Jurisdiction and Venue**

2. This Court has concurrent jurisdiction of Plaintiff's claim that implicate 29 U.S.C. § 1331 because her federal claim premised upon a violation of 29 U.S.C. § 2615(a)(1) occurred with the jurisdiction of this Court and federal courts do not exercise exclusive jurisdiction over such claims.


EXHIBIT A

1

**III. Parties**

3. Plaintiff, Kimberly Rashawn Smith, is a citizen of the United States and, at all times relevant to this Complaint, was a resident of the State of Ohio, County of Summit having an address referenced in the caption of this Complaint.

4. Defendant, Summa Health System ("Summa") is a domestic corporation organized and licensed to do business in the state of Ohio. It operates a hospital located in Akron, Ohio and employed Plaintiff in its Patient Account Services division. During each year of Plaintiff's employment Defendant employed more than 50 employees for each working day in 20 or more calendar weeks.

**IV. Background**

5. Plaintiff adopts by reference the allegations and averments set forth in Paragraphs 1-4 as if fully rewritten herein.

6. Plaintiff had worked for Summa as a Customer Service Specialist since June 24, 2003, and worked more than 1250 hours in the 12 months preceding the matters alleged herein.

7. On or about October 25, 2006, Plaintiff requested intermittent leave under the FMLA due to her absence on October 25, 2006.

8. Plaintiff was informed that she could not take FMLA leave for the condition that caused her absence on October 25, 2006, and was asked couldn't she "take something" for her condition that required intermittent leave.

9. The condition she sought intermittent leave for on this occasion was for a serious health condition defined under 29 C.F.R. § 825.114 and certified as such by her physician, who also certified a need for intermittent leave. Despite her physician's medical certification informing Defendant of: (1) the approximate date Plaintiff's condition began (2) the probable duration of her condition, (3) the appropriate medical facts within the

2

physician's knowledge, and (4) that Plaintiff's condition would cause her to miss 2-3 days from work on a monthly basis, Defendant denied Plaintiff's request for intermittent leave.

10. Plaintiff also missed work on January 14, 2007 and January 15, 2007 as a result of the serious health condition for which she sought intermittent leave earlier.

11. Plaintiff was subsequently terminated on January 17, 2007 based upon these absences for which she sought intermittent leave.

12. Defendant interfered with Plaintiff's rights secured under FMLA by terminating her for these absences.

## COUNT 1
(FMLA Interference Claim)

13. Defendant's interference with Plaintiff's FMLA rights violated the statutory provisions governing intermittent leave.

WHEREFORE, Plaintiff prays for judgment against the Defendant as follows:

a. Statutory damages for lost wages, benefits, and other compensation, plus interest thereon at the statutory rate, pursuant to 29 U.S.C.A § 2617(a)(1)(A)(i) and 29 U.S.C.A. §§ 2617(a)(1)(A)(ii).

b. Additional liquidated damages in the amount of the above-requested award, pursuant to 29 U.S.C.A. § 2617(a)(1)(A)(iii).

c. Equitable relief in the form of reinstatement or frontpay, as the court deems appropriate, pursuant to 29 U.S.C.A. § 2617 (a)(1)(B).

d. Attorney's fees, expert witness fees, and costs of this action, pursuant to 29 U.S.C.A. § 2617(a)(3), and such other relief as this Court may deem just and proper, including trial on all issues triable by a jury

Berger & Zavesky Co., L.P.A.
614 W. Superior Avenue, Ste. 1425
Cleveland, Ohio 44113
(216) 830-9000

        Respectfully submitted,

        BERGER & ZAVESKY CO., L.P.A.

        *[signature]*

        **Douglas L. Winston, Esq.** (0034695)
        *Attorney for Plaintiff, Kimberly Smith*
        Rockefeller Building, Suite #1425
        614 West Superior Avenue
        Cleveland, Ohio 44113
        (216) 830-9000 Ext. #227
        (216) 830-4200 Fax
        E-mail: dwinston99@earthlink.net

*Berger & Zavesky Co., L.P.A. — 614 W. Superior Avenue, Ste. 1425, Cleveland, Ohio 44113 — (216) 830-9000*

4

COURT OF COMMON PLEAS, SUMMIT COUNTY, OHIO

SMITH, KIMBERLY R.
1568 SOUTH PLAINVIEW DR.
COPLEY, OH 44321

Plaintiff

Case No. CV-2008-12-8871

vs

**SUMMONS**

SUMMA HEALTH SYSTEM
C/O WILLIAM A. POWEL, III
525 E. MARKET ST.
AKRON, OH 443092

SUMMA HEALTH SYSTEM

JAN - 8 2009

OFFICE OF GENERAL COUNSEL

Defendant

**To the following named defendants:**

SUMMA HEALTH SYSTEM
C/O WILLIAM A. POWEL, III
525 E. MARKET ST.
AKRON, OH 443092

You have been named defendant(s) in a complaint filed in Summit County Court Of Common Pleas, Summit County Court House, Akron Ohio 44308, by :

SMITH, KIMBERLY R.
1568 SOUTH PLAINVIEW DR.
COPLEY, OH 44321

Plaintiff(s). A copy of the complaint is attached hereto. The name and address of the plaintiff's attorney is:
DOUGLAS L.. WINSTON,
700 ROCKEFELLER BLDG.
614 SUPERIOR AVE NW
CLEVELAND, OH 441131332

**You are hereby summoned and required to serve upon the plaintiff's attorney, or upon the plaintiff, if he has no attorney of record, a copy of an answer to the complaint within twenty-eight days after service of this summons on you, exclusive of day of service. Your answer must be filed with the Court within three days after the service of a copy of the answer on the plaintiff's attorney, or upon the plaintiff, if he has no attorney of record.**

If you fail to appear and defend, judgment by default may be rendered against you for the relief demanded in the complaint.

**Daniel M. Horrigan**
Clerk, Court Of Common Pleas
Summit County, Ohio

January 2, 2009

By: s/ M. Randles  Deputy Clerk

SUMMA HEALTH SYSTEM
JAN - 8 2009
RISK MANAGEMENT